UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USE EXCEDRIN OR GENERIC EXCEDRIN, FREDERICK BANKS, next friend thereto & individually,<br><br>Petitioners<br><br>v.<br><br>CORONA VIRUS, et al.,<br><br>Respondents. | Case No. 2:20-cv-03640-ODW (GJS)<br><br>**ORDER DISMISSING PETITION** |

On April 20, 2020, a putative 28 U.S.C. § 2241 habeas petition was filed in this District [Dkt. 1, "Petition"]. The Petition was filed by Frederick Banks, a convicted federal criminal incarcerated in Allegheny County Jail in Pittsburgh, Pennsylvania. Although the case caption lists "USE EXCEDRIN OR GENERIC EXCEPTION" and Banks as Petitioners, with Banks acting as "next friend" as well as seeking individual relief, the pain reliever Excedrin (and its generic substitute) does not actually appear to be a Petitioner here, not could it serve as a Section 2241 petitioner. The only person who has signed the Petition is Banks, who mailed the Petition to the Court from Allegheny County Jail. Accordingly, the Court construes the Petition as having been brought by Banks on his own behalf.

The Petition names as Respondents: "Corona Virus"; "Covied [*sic*] 19 Pandemic"; the Central Intelligence agency ("CIA"); "Warden"; the Center for Disease Control ("CDC"); and the U.S. Surgeon General.  The Petition states that, rather than challenging a conviction, sentence, or confinement, it challenges "illegal CIA Domestic activity & a FISA warrant."  Banks alleges that he contracted the coronavirus in February 2020, but because he had been taking Excedrin twice daily for over 20 months, the effects of his illness were lessened.  He alleges that the coronavirus did not originate in China alone, as has been posited but, rather, originated contemporaneously in China, the U.S., Iran, and Italy at the same time due to the CIA having "delivered" it to and/or "planted" it in these countries.  Banks also alleges that he has been kept "under illegal FISA electronic surveillance in violation of Due Process and 50 USC 1801 et seq."  As relief, Banks asks the Court to:  order the CDC and the U.S. Surgeon General to "ramp up its study on how long term use of Excedrin could stop corona virus from killing victims of the pandemic"; and to order "Respondents to disclose the FISA 50 USC 1806(F) and discharge Petitioner from the FISA warrant and custody."

While Banks has a prior criminal history that the Court will not recount here, it is significant that, late last year, Banks was tried by jury in the United States District Court for the Western District of Pennsylvania  and was found guilty of multiple federal counts of wire fraud and one federal count of aggravated identity theft on November 8, 2019.  Banks is awaiting sentencing and remains in custody.  *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.).

Apart from his criminal status, Banks also is "a notorious frequent filer" in the federal civil court system, whose cases routinely are dismissed at the pleading stage as frivolous.  *Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In Forma Pauperis Application); *see also Banks v. Cuevas*, No. 4:17CV2460, 2018 WL 1942192, at *1 (N.D. Ohio April 25, 2018) (describing Banks as a "frequent filer of frivolous actions in federal and state

courts"); *Banks v. Song*, No. 17-00093, 2018 WL 3130940, at *1-*2 (D. Guam Jun. 26, 2018) (finding lawsuit filed by Banks related to his Western District of Pennsylvania criminal prosecution that essentially was the same suit that he had filed in a number of other Districts in the United States to be "malicious" and improperly filed in the District of Guam); *Banks v. New York Police Dept.*, No. 4:15-CV-75-RLW, 2015 WL 1414828, at *2-*3 (E.D. Mo. Mar. 26, 2015) (dismissing as legally frivolous and malicious mandamus action brought by Banks seeking relief based upon, *inter alia*, the deaths of Eric Garner and Michael Brown).[1]  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the federal court case dockets and filings available through the PACER and Westlaw systems relating to Banks, which show hundreds and hundreds (if not well over 1,000) of federal civil proceedings initiated by Banks over the past decade.

When federal courts began dismissing Banks's civil cases under 28 U.S.C. § 1915(g) due to his numerous "strikes," he began filing 28 U.S.C. § 2241 or other types of petitions in an attempt to avoid the Section 1915(g) limitation on his ability to file actions without prepayment of the filing fee. *See Banks v. Valaluka*, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015) (Order denying leave to proceed *in forma pauperis* and dismissing purported mandamus action).)  As one District Court described him:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of

---

[1]  Banks also has filed a number of actions in this District that have been summarily dismissed as frivolous.  *See* Case Nos.:  2:15-cv-04225-ODW (GJSx); 2:16-cv-05544-JAK (KSx); 2:16-cv-07398-R (JPSx); 2:16-cv-07954-ODW (GJS); 2:17-cv-05412-GW (JPRx); 5:18-cv-00526-ODW (GJS); 5:19-cv-00780-ODW (GJS); 2:19-cv-06748-JAK (JC); 2:19-cv-07428-ODW (GJS); 2:19-cv-08514-ODW (GJS); 2:19-cv-10468-ODW (GJS); 2:20-cv-00665-ODW (GJS); 2:20-cv-00680-ODW (GJS); 2:20-cv-00979-ODW (GJS); and 2:20-cv-01138-ODW (GJS).

3

> New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. All of these cases were dismissed as frivolous. He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions. Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018).

In addition to courts having found Banks's case-initiating filings to be frivolous, Banks has been designated as a vexatious litigant. *See, e.g., Banks v. Pope Francis*, No. 2:15-cv-01400 (W.D. Pa. Dec. 8, 2015) (Order designating Petitioner as a vexatious litigant). That vexatious litigant designation has been ordered extended to cover filings made by Banks on behalf of any other persons, whether as a purported "next friend" or otherwise, unless and until he has complied with the requirements of the original vexatious litigant designation order. *See United States v. Miller*, 726 Fed. App'x 107 (June 7, 2018) (affirming district court order so extending scope of vexatious litigant order entered against Banks).

As even the most cursory review of his cases available through the PACER system shows, Banks has a history of filing delusional and meritless actions on his own behalf or supposedly on behalf of others with whom he has no connection, often (as here) alleging electronic surveillance by the CIA or others. *See, e.g., Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed *in forma pauperis* and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a 28 U.S.C. § 2241 habeas petition filed by Petitioner as purported "next friend" on behalf of a criminal defendant with whom he had no

relationship); *Valaluka, supra* (Order at 2: "Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent."). The instant Petition is yet one more in his ongoing series of vexatious and improper litigation, which typically (as here) is prompted by a recent and often tragic event that received substantial media coverage, upon which Banks attempts to capitalize.

The claim alleged in the Petition plainly is meritless and frivolous but particularly so to the extent that it is raised under the guise of a habeas action.[2] Banks has no standing to attempt to force the CDC and the U.S. Surgeon General to perform any particular research through the vehicle of a habeas petition. No cognizable and viable theory of *habeas* relief has been stated as to anyone, regardless of Petitioner's vague assertions of a "FISA warrant." Banks is in custody because he has been convicted of federal crimes and is awaiting sentencing, not because of any putative FISA electronic surveillance. Banks does not challenge his custody pursuant to his convicted status here, nor could he, because he was not convicted in this District and is not incarcerated here.[3] If Banks wishes to challenge his present criminal custody, there are established avenues for him to do so, but none of them include bringing repeated and frivolous 28 U.S.C. § 2241 actions outside the District of conviction about matters having nothing to do with his present conviction. The matters alleged in the Petition simply do not involve situations in which 28 U.S.C. § 2241 federal habeas jurisdiction properly can be invoked.

---

[2] The claim also is factually and legally frivolous within the meaning of *Denton v. Hernandez*, 504 U.S. 25, 32-22 (1989), and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] Given the delusional nature of Banks's allegations and the lack of any basis for *habeas relief*, his assertions regarding being subject to a FISA warrant-based electronic surveillance do not suffice to state a basis for habeas venue in this District.

5

Accordingly, IT IS ORDERED that: the Petition is dismissed for lack of jurisdiction; and Judgment shall be entered dismissing this action.

DATED: April 22, 2020  _____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE